† PRATT *& al. versus* CHASE.

A sale of personal property and a receipt acknowledging payment, with delivery of a *portion*, do not necessarily transfer to the vendee title in the *whole* property sold. The intention of the parties in the delivery is to govern, and the jury must find what that was.

Whether the delivery of a part, was for the whole, is a *fact* to be determined by the jury.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J. presiding. REPLEVIN, for 8000 box shooks.

Defendant justified the taking of them, as a coroner, there being no sheriff of the county at that time, on several writs of attachment, against Daniel O. Wight, and also as holding them under direction of mortgagees of the same property.

Plaintiffs claimed title under a contract of sale with one Wainwright, a bill of sale of 10,000 shooks, and receipt by him of payment by note, which papers appear in the opinion.

Plaintiffs lived in Boston, and at the time of the sale the shooks were not manufactured. Wainwright seemed to be acting in the business for Wight, and the latter was to man-

ufacture them at his place of business in Calais. The plaintiffs had the order of Wainwright upon Wight, and sent down the same by the captain of a vessel they had chartered, to take away the shooks.

A part of the shooks contracted for was delivered on board of plaintiffs' vessel. They were then being manufactured at the mill, and a large part of them piled up there.

While the vessel was loading, Wainwright failed. Wight mortgaged his manufactured lumber to his creditors, and an attachment was made of the sugar box shooks which had not been taken from the mill. No count of them had been made.

In the progress of the trial many questions arose, which were argued in the lower Court, that were not considered by this Court. The requested instructions by the defendant also became immaterial.

The presiding Judge instructed the jury, in part, as follows : —

While the articles were in process of manufacture, and until they were delivered to plaintiffs, they would be and remain the property of Wight, subject to his disposal, and liable to attachment for his debts; and that the question would then be whether or not the plaintiffs obtained delivery of the shooks before they were mortgaged to, or attached by, the persons under whom defendant justifies; *that* a sale of the whole and receipt of payment, and a delivery of part, as between the vendor and vendee, would be a delivery of the whole which were then manufactured towards the contract; *that*, if the shooks were delivered towards the contract of sale, on board a vessel, which plaintiffs had sent for them, that would be a good delivery to plaintiffs; *that* a delivery of the pile, not exceeding the amount sold, would be as good a delivery to pass the property before they were counted as after; *that*, if Wight had delivered to plaintiffs the shooks piled out on the Iron Company's wharf, or near the box machine, and when one of plaintiffs left

Calais, he left men there in his employment, engaged in hauling them to the wharf for shipment, that any shooks subsequently manufactured by Wight, and by him delivered to the servant, agent or person in the employment of plaintiffs, with the intention of fulfilling the contract of sale, or piled out to him for that purpose, would pass to plaintiffs by such delivery.

The verdict was for plaintiffs and defendant excepted to the instructions.

*Downs & Cooper* and *F. A. Pike*, in support of the exceptions, contended that the instruction, as to the effect of a delivery of a part of the shooks, was wrong. It should have been a delivery of part *for the whole* was good.

Whether the delivery of part was with the intention of separating it, or was a symbolical delivery of the whole, was a question of fact for the jury. The intention of the parties should govern. *Simmons* v. *Swift*, 5 Barn. & Cr., 857; (11 C. & R. 712;) *Bunney* v. *Poyntz*, 4 Barn. & Ald. 568; (24 C. & R. 250;) *Stuky* v. *Howard*, 2 H. Bl. 504; *Hanson* v. *Meyer*, 6 East, 614; *Damon* v. *Osborne*, 1 Pick. 476; *Parks* v. *Hall*, 2 Pick. 286; *Legg* v. *Williams*, 17 Pick. 140; *Shurtleff* v. *Willard*, 19 Pick. 202; *Pettis* v. *Kellogg*, 7 Cush. 461; Long on Sales, Rhoad's Ed. 259; *Boynton* v. *Veazie*, 24 Maine, 286; *Phillips* v. *Hunnewell*, 4 Maine, 376; *Williams* v. *Morse*, 5 N. H. 235; *DeRidder* v. *McKnight*, 13 Johns. 294; *Riddle* v. *Varnum*, 20 Pick. 280; *Dixon* v. *Yates*, 5 Barn. & Ad. 339; 27 E. C. L. 92.

*D. Granger*, and *B. Bradbury, contra.*

APPLETON, J. — On Sept. 6, 1853, Henry C. Wainwright gave the plaintiffs the following contract of sale :—

"Sold Pratt & Townsend ten thousand full inch shooks of usual dimensions and regular thickness, to be bright and newly made, at 50cts., 6 mo's, with interest added. Shooks to be delivered at Calais, Maine.     "Henry C. Wainwright.

"Boston, Sept. 6, 1853."

At the same time, he gave the plaintiff a bill of the shooks, as follows:—

"Boston, September 6, 1853.

"Messrs. Pratt & Townsend,

"Bought of H. C. Wainwright,

10,000 sugar box shooks, first quality; equal to

cash, at 50cts.,                                              $5000

"Received of Pratt & Townsend, their note at six months, from November 7th, 1853, for five thousand dollars, being on account of the above bill, the interest to be settled on the delivery of the shooks, and shooks to remain at my risk during the month of November, 1853.

"Henry C. Wainwright."

At the time when these papers were executed, Wainwright was not the owner of any shooks.

Nothing is better settled by the authorities, than that no personal property can pass by a grant, save that which belongs to the grantor at the time of the execution of the conveyance purporting to pass the title. *Lunn* v. *Thornton*, 1 Man. Gran. & Scott, 380; 50 E. C. L. 379. The doctrine of this case was recognized as unquestioned by the Supreme Court of Massachusetts, in *Jones* v. *Richardson*, 10 Met. 481, and by this Court, in *Head* v. *Goodwin*, 37 Maine, 181.

There were no particular shooks which could pass to the plaintiffs on the sixth of September, for there were none to which Wainwright, or Wight, if he was acting for him, had any title, or upon which the contracts between the parties. could in any way operate. It would not be enough that the vendor should subsequently acquire a valid title to an amount of shooks greater or less than the quantity stipulated in the conveyance as sold, but some new act must be done, indicating that they were to pass under the previous bill of sale. *Lunn* v. *Thornton*, 50 E. C. L. 379. The plaintiffs rely upon a delivery as the act by which the title to the shooks, which were manufactured after the date of their bill of sale, became vested in them.

It was for the jury to determine whether there was a de-livery or not. It was equally for them to decide whether the delivery made, was of part or of all the shooks which had been manufactured, or was symbolical, as of a part for all. If of part, no more than those thus delivered to the plaintiff, would pass. If of part, for the whole, then, as between the parties, all might vest in the plaintiffs. These distinctions are fully recognized in the cases cited by the counsel for the defendant. " It is said," remarks Mr. Justice LITTERDALE, in *Dixon* v. *Yates,* 5 Barn. & Ad. 313, " there was a part delivery here, and that that, in point of law, operated as a constructive delivery of the whole. But that rule is confined to cases where the delivery of part is *in-tended* to be a delivery of the whole." *Bunney* v. *Poyntz,* 4 Barn. & Ad. 568; *Simmons* v. *Swift,* 5 B. & C. 857. In *Shurtleff* v. *Willard,* 19 Pick. 202, Mr. Justice MORTON says, " a part only was delivered; but this the jury have found was delivered *for the whole.* That a contract of sale of numerous and various chattels may be executed without an actual transmission of the whole into the occupation of the purchaser, is familiar and unquestioned law. This may be done by a mere symbolical delivery, or by a delivery of a part for the whole." A raft of lumber may be used to make a delivery of the whole lumber having the same mark. *Boynton* v. *Veazie,* 24 Maine, 286.

The Court instructed the jury " that a sale of the whole and receipt of payment and delivery of part, as between the vendor and vendee, would be a delivery of the whole, which were then manufactured, towards the contract," &c.

By this instruction a delivery of part would convey the title to all the shooks sold, irrespective of the intention of the parties. Whether the delivery was of a part for all, was a fact for the jury. The purpose and character of the delivery proved was withdrawn from their consideration, and was determined by the Court.

*Exceptions sustained. — New trial granted.*